# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HS WHOLESALE LIMITED, an Illinois corporation, | Case No. 1:23-cv-7942 |
| Plaintiff, | Judge |
| v. | |
| HS GLOBAL DISTRIBUTION, LLC, a Tennessee limited liability company, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

Plaintiff, HS WHOLESALE LIMITED, an Illinois corporation, hereby complains that Defendant, HS GLOBAL DISTRIBUTION, LLC, a Tennessee limited liability company, is liable for willful trademark infringement and unfair competition. In support Plaintiff alleges as follows:

## THE PARTIES

1. Plaintiff, HS Wholesale Limited ("HS Wholesale") is a company organized and incorporated under the laws of Illinois, and has a principal place of business at 511 S. Vista Avenue, Addison, Illinois.

2. HS Wholesale engages in the business of distributing and selling e-cigarettes and related products, including, but not limited to vaporizers, rolling papers, smoking accessories, grinders, lighters, e-juice, coils, tanks, and water pipes in Illinois, this district, and throughout the United States.

3. The URL to HS Wholesale's website is hswsupply.com, which it has operated since 2016.

4. Defendant, HS Global Distribution LLC, ("H&S"), is a Tennessee limited liability company with a place of business at 44 Volunteer Boulevard, Jackson City, Tennessee.

5. H&S operates under the name "H&S Wholesale" (the "Infringing Mark") at least on its website.

6. The URL to H&S's website is hsgwholesale.com (the "Infringing Domain"), which was created in 2021.

7. On information and belief, H&S engages in the business of selling e-cigarettes and other related products, including but not limited to vaporizers, rolling papers, smoking accessories, grinders, lighters, coils, tanks, and water pipes throughout the United States and in this district.

8. On information and belief, H&S regularly conducts business in Illinois and in this district by purchasing products from distributors in Illinois and in this district, and selling products in Illinois and in this district.

9. On information and belief, H&S has conducted business in Illinois and in this district through the Infringing Domain and through use of the Infringing Mark.

10. In or around 2022, HS Wholesale discovered H&S had been using the Infringing Mark and Infringing Domain.

11. H&S's continued usage of the Infringing Mark, which is virtually identical to HS Wholesale's Mark, and Infringing Domain has caused and is likely to cause confusion, mistake, or deceive as to the affiliation, connection, or association of H&S with HS Wholesale, or as to the origin, sponsorship, or approval of H&S's goods, services, or commercial activities by HS Wholesale.

12. H&S's use of the Infringing Mark and Infringing Domain are without authorization from HS Wholesale.

13. On January 27, 2023, HS Wholesale sent a Cease and Desist Letter (the "Cease and Desist Letter") to H&S, demanding that H&S cease and desist using HS Wholesale's almost identical mark, brand, and domain name in a confusingly similar fashion to HS Wholesale. A true and correct copy of the Cease and Desist Letter is attached as **Exhibit A**.

14. The Cease and Desist Letter also states the actions of H&S "constitute trademark infringement, false designation of origin and false association, and unfair competition in violation of multiple federal and state laws, including 15 U.S.C. § 1125(a)." *See* Ex. A.

15. To date, despite HS Wholesale's Letter notifying H&S of HS Wholesale's rights, H&S has continued its use of the Infringing Mark and Infringing Domain.

**HS Wholesale's Trademark Rights**

16. HS Wholesale has been the common law owner of the mark "HS Wholesale" since 2014.

17. HS Wholesale has been using the trademark HS Wholesale in association with its goods and services since 2014.

18. As a result of HS Wholesale's exclusive, continuous, and extensive use and promotion of HS Wholesale's mark for many years, the mark has acquired considerable value and is well-known to the relevant consuming public and the trade as identifying HS Wholesale exclusively and uniquely as the source of exceptional products and distribution services for e-cigarettes and related products.

19. On or about August 9, 2023, HS Wholesale filed trademark application Serial No. 98124095 for registration of the mark "HS Wholesale" (the "Mark") on the Principal Register.

20. The recited goods in international class IC 035 for HS Wholesale's Mark are: On-line retail store services featuring electronic cigarettes, electronic smoking vaporizers, namely,

electronic cigarettes; tobacco substitutes in liquid solution form other than for medical purposes for electronic cigarettes, cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes, nicotine-based liquid, namely, liquid nicotine used to refill electronic cigarettes, cartridges sold filled with liquid nicotine for electronic cigarettes, electronic cigarette refill liquids, namely, chemical flavorings in liquid form used to refill electronic cigarettes, cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes, electronic cigarettes, electronic smoking vaporizers, namely, electronic cigarettes, tobacco substitutes in liquid solution form other than for medical purposes for electronic cigarettes; On-line wholesale and retail store services featuring electronic cigarettes, electronic smoking vaporizers, namely, electronic cigarettes; tobacco substitutes in liquid solution form other than for medical purposes for electronic cigarettes, cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes, nicotine-based liquid, namely, liquid nicotine used to refill electronic cigarettes, cartridges sold filled with liquid nicotine for electronic cigarettes, electronic cigarette refill liquids, namely, chemical flavorings in liquid form used to refill electronic cigarettes, cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes, electronic cigarettes, electronic smoking vaporizers, namely, electronic cigarettes, tobacco substitutes in liquid solution form other than for medical purposes for electronic cigarettes; On-line wholesale store services featuring electronic cigarettes, electronic smoking vaporizers, namely, electronic cigarettes; tobacco substitutes in liquid solution form other than for medical purposes for electronic cigarettes, cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes, nicotine-based liquid, namely, liquid nicotine used to refill electronic cigarettes, cartridges sold filled with liquid nicotine for electronic cigarettes, electronic cigarette refill liquids, namely, chemical flavorings in liquid form used to refill electronic cigarettes, cartridges sold filled with chemical flavorings in liquid form for

4

electronic cigarettes, electronic cigarettes, electronic smoking vaporizers, namely, electronic cigarettes, tobacco substitutes in liquid solution form other than for medical purposes for electronic cigarettes.

**H&S's Improper and Unauthorized Use of the Infringing Mark and Infringing Domain**

21. On information and belief, H&S was aware of HS Wholesale's Mark prior to H&S's adoption of the Infringing Mark and the Infringing Domain.

22. At least since receiving the Cease and Desist Letter in January 2023, H&S has been on actual notice of HS Wholesale's Mark.

23. Since 2021, H&S has been using the Infringing Mark and Infringing Domain, which is virtually identical and confusingly similar to HS Wholesale's Mark, for selling e-cigarettes and other related products online.

24. On information and belief, H&S continues to advertise, market, and sell e-cigarettes and other related products with the Infringing Mark and Infringing Domain in Illinois and in this district.

25. The goods advertised, marketed, and sold under the Infringing Mark and Infringing Domain are advertised, marketed, and sold in the same channels of trade and to the same potential customers as the goods recited for HS Wholesale's Mark.

26. H&S has also failed to address HS Wholesale's complaints regarding H&S's past infringements.

**JURISDICTION AND VENUE**

27. This action is for (1) Trademark Infringement under the Federal Trademark Act, also known as the Lanham Act (15 U.S.C. §§ 1051-1127); and (2) Common Law Trademark Infringement (765 ILCS 1036/60).

28. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b).

29. This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367 as the Common Law Trademark Infringement claim arises from the same novel or complex issue as the federal claim.

30. Defendant H&S is subject to personal jurisdiction in this judicial district because it regularly conducts business in this district and committed or is committing one or more of the acts complained of herein within this state and judicial district.

31. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)-(c) because a substantial part of the events complained of occurred in this district, H&S knowingly committed tortious acts aimed at and causing harm in this state and this district, and H&S is subject to personal jurisdiction herein. Moreover, the damage to HS Wholesale and HS Wholesale's Mark described herein has occurred and continues to occur in this judicial district.

## COUNT I
### (Unregistered Federal Trademark Infringement)
### 15 U.S.C. § 1125(a)

32. Plaintiff HS Wholesale realleges and incorporates by reference paragraphs 1-31 of its Complaint as if fully set forth herein in this Paragraph 32.

33. This Count is based on infringement of HS Wholesale's Mark and, more particularly, under 15 U.S.C. § 1051 et seq. Defendant H&S's unauthorized use of the nearly identical name "H&S Wholesale" in association with its goods was and is likely to cause confusion, mistake, or deception as to the source, affiliation, connection or association of H&S with HS Wholesale, or as to the sponsorship, approval or affiliation of H&S with HS Wholesale, in violation of 15 U.S.C. §1125(a).

34. HS Wholesale has used its Mark for almost a decade.

35. HS Wholesale's Mark is protectable as arbitrary, suggestive, or as having acquired distinctiveness through the years of use and advertisement.

36. HS Wholesale's Mark has created an association with the advertisement, marketing, promotion, and sales of e-cigarettes and its related products.

37. HS Wholesale's Mark is a protected property right solely held with HS Wholesale.

38. This particular market affiliates the "HS Wholesale" Mark to HS Wholesale at least through its acquired distinctiveness.

39. H&S has promoted the HS Wholesale Mark as its own for the sale of H&S goods through e-commerce.

40. H&S is likely to confuse and has caused confusion in using HS Wholesale's Mark to bolster its own sales through e-commerce.

41. Despite prior knowledge of HS Wholesale's Mark, H&S has used and continues to use the Mark in commerce for the advertisement, promotion, and sale of e-cigarettes and related products.

42. H&S's actions constitute willful trademark infringement.

43. As a result of H&S's willful infringement, HS Wholesale has been, is now, and will continue to be damaged and irreparably harmed and thus, HS Wholesale has no adequate remedy at law.

44. On information and belief, H&S will continue such infringement unless enjoined by this Court.

42021429.6

## COUNT II
### (Common Law Trademark Infringement)
### 765 ILCS 1036/60

45. Plaintiff HS Wholesale realleges and incorporates by reference paragraphs 1-44 of its Complaint as if fully set forth herein in this Paragraph 45.

46. This count is based on infringement of HS Wholesale's Mark and, more particularly, under 765 ILCS 1036/60. Defendant H&S's unauthorized use of the identical name "H&S Wholesale" in association with its goods was and is likely to cause confusion, mistake or deception as to the source, affiliation, connection or association of H&S with HS Wholesale, or as to the sponsorship, approval or affiliation of H&S with HS Wholesale, in violation of 765 ILCS 1036/60.

47. HS Wholesale has used its Mark for almost a decade.

48. HS Wholesale's Mark is protectable as arbitrary, suggestive, or as having acquired distinctiveness through the years of use and advertisement.

49. HS Wholesale's Mark has created an association with the advertisement, marketing, promotion, and sales of e-cigarettes and its related products.

50. HS Wholesale's Mark is a protected property right solely held with HS Wholesale.

51. This particular market affiliates the "HS Wholesale" Mark to HS Wholesale at least through its acquired distinctiveness.

52. H&S has promoted the HS Wholesale Mark as its own for the sale of H&S goods through e-commerce.

53. H&S is likely to confuse and has caused confusion in using HS Wholesale's Mark to bolster its own sales through e-commerce.

42021429.6

54. Despite prior knowledge of HS Wholesale's Mark, H&S has used and continues to use the Mark in commerce for the advertisement, promotion, and sale of e-cigarettes and related products.

55. H&S's actions constitute willful trademark infringement.

56. As a result of H&S's willful infringement, HS Wholesale has been, is now, and will continue to be damaged and irreparably harmed and thus, HS Wholesale has no adequate remedy at law.

57. On information and belief, H&S will continue such infringement unless enjoined by this Court.

## RELIEF REQUESTED

WHEREFORE, HS Wholesale Limited respectfully requests that this Court enter judgment in its favor and against HS Global Distribution, LLC:

a. Finding that HS Global Distribution, LLC violated 15 U.S.C. § 1125(a); 765 ILCS 1036/60; and Illinois common law;

b. Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1116 permanently restraining and enjoining HS Global Distribution, LLC, its parents, subsidiaries, affiliates, officers, agents, representatives, employees, successors, and assignees, and all those persons in active concert or participation with HS Global Distribution, LLC:

   i. From registering or using the Infringing Mark or any other mark that is identical or confusingly similar to HS Wholesale's Mark; advertising, marketing, promoting, supplying, distributing, selling, or offering for sale, any goods relating thereto; and/or engaging in any other activity

        constituting an infringement of any of HS Wholesale's rights in HS Wholesale's Mark;

    ii.    Requiring HS Global Distribution, LLC to file with this Court and serve on HS Wholesale within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which HS Global Distribution, LLC has complied with the injunction;

    iii.    Removing any use of the Infringing Mark and destroying any materials including the Infringing Mark, and file with this Court and serve on HS Wholesale within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form of such removal and destruction; and

    iv.    Transferring ownership and control of the Infringing Domain to HS Wholesale;

c.    Granting HS Wholesale such other relief as this Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any services at issue in this action have been advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by HS Global Distribution, LLC, has been authorized by HS Wholesale, or is related in any way with HS Wholesale and/or its services;

d.    Awarding HS Wholesale actual damages, punitive damages, and/or statutory damages to which it is entitled;

e.    Awarding all damages from HS Global Distribution, LLC that HS Wholesale has sustained and will continue to sustain as a result of such infringing acts, and all ill-

42021429.6

gotten gains, profits, and advantages obtained by HS Global Distribution, LLC, in an amount to be determined;

f. Awarding HS Wholesale its costs in this action, attorney's fees, investigatory fees, and expenses to the full extent provided by 15 U.S.C. § 1117;

g. Awarding HS Wholesale pre-judgment interest on the monetary award made part of the judgment against HS Global Distribution, LLC; and

h. Awarding HS Wholesale such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

HS Wholesale hereby requests trial by jury for all issues for which a jury trial is appropriate.

Date: September 8, 2023

Respectfully submitted,

By /s/ Joseph M. Kuo
Joseph M. Kuo (ARDC 6216400)
Michael A. Jacobson (ARDC 6313122)
Madeline E. Remish (ARDC 6336631)
SAUL EWING LLP
161 N. Clark Street, Suite 4200
Chicago, Illinois 60601
(312) 876-7151
(312) 876-0288
Joseph.kuo@saul.com
Michael.jacobson@saul.com
Madeline.remish@saul.com

42021429.6