UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HS WHOLESALE LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 23 C 7942 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| HS GLOBAL DISTRIBUTION, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

After discovering that Defendant HS Global Distribution, LLC ("HS Global") operates under the name "H&S Wholesale" in the same e-cigarette market space as it, Plaintiff HS Wholesale Limited ("HS Wholesale") filed this lawsuit, alleging that HS Global infringes its trademarks under the Lanham Act, 15 U.S.C. § 1125(a), and Illinois common law. HS Global has filed a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Because HS Global does not have sufficient minimum contacts with Illinois, the Court lacks jurisdiction over HS Global and dismisses this case without prejudice.

**BACKGROUND**[1]

HS Wholesale, an Illinois corporation, distributes and sells e-cigarettes and related products to retailers, convenience stores, gas stations, and smoke shops in Illinois, across the country, and internationally. Hammad Ahmad founded HS Wholesale and has served as its president since April 2015. HS Wholesale has used the mark "HS Wholesale" since 2014. It has operated a website since 2016, found at hswsupply.com, through which it primarily sells its

---

[1] In addressing personal jurisdiction, the Court is not limited to the pleadings. *See Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Therefore, the Court draws the facts from the complaint and the additional documents submitted by the parties. The Court resolves all factual conflicts and draws all reasonable inferences in HS Wholesale's favor. *Id.* at 782–83.

products. It filed a trademark application to register the "HS Wholesale" mark on August 9, 2023, specifying the category as online wholesale and retail store services featuring e-cigarettes and related products.

HS Global, a Tennessee limited liability company that operates under the name H&S Wholesale, also distributes e-cigarettes and related products to retailers. Brothers Haitham and Suhaib Asad own HS Global, with the initials in the company name taken from their first names. In February 2021, the Asad brothers formed HS Global, which operates out of a building in Jackson, Tennessee. HS Global does not have any clients in Illinois, does not market to anyone in Illinois, and has made no sales to persons or businesses in Illinois. HS Global does not market to individual consumers, but rather to retailers. Haitham represents that approximately 90% of its business comes from retail stores within a sixty-mile radius of Jackson, Tennessee, with Haitham knowing most of the retailers personally. HS Global makes approximately 50% of its sales in person at the Jackson location and 40% of its sales over the phone or in person at local retailers, with HS Global delivering the products in Jackson and its surrounding areas. HS Global ships the remaining 10% of orders mainly to retailers in Tennessee, eastern Arkansas, and southeast Missouri.

HS Global uses the domain name hsgwholesale.com, which redirects to hsgdistribution.com, a website accessible from anywhere, including Illinois. To buy products from HS Global through its website or otherwise, retailers must have an account. The form to request a wholesale account found on the website indicates that HS Global only serves Tennessee, Missouri, South Carolina, and Arkansas. Haitham reviews account requests and approves or rejects them. He represents that if an authorized retailer attempted to send an order to Illinois, HS Global would refuse the order.

HS Wholesale notes that two of the product lines that HS Global offers for sale, Mr. Fog and Tyson, are made and sold by companies based in Illinois. Contrary to HS Wholesale's assumption that HS Global must purchase these products directly from distributors in Illinois, Haitham represents that HS Global purchases the Mr. Fog products from Safa Goods in Port Charlotte, Florida and the Tyson products from both Safa Goods and Ultimate Product Distributors in Hackensack, New Jersey. HS Global provides invoices showing its purchases of these products from these non-Illinois distributors. According to Haitham, the Mr. Fog products account for less than 1% of HS Global's sales.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(2) challenges the Court's jurisdiction over a party. Fed. R. Civ. P. 12(b)(2). When a defendant raises a Rule 12(b)(2) challenge, "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392 (7th Cir. 2020) (citation omitted). If the Court rules on the Rule 12(b)(2) motion without an evidentiary hearing, the plaintiff need only establish a prima facie case of personal jurisdiction. *Id.* at 392–93; *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). In resolving a Rule 12(b)(2) motion, the Court "accept[s] as true all well-pleaded facts alleged in the complaint," *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012), and "reads the complaint liberally with every inference drawn in favor of [the] plaintiff," *GCIU-Emp. Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009). However, if the defendant submits "evidence opposing the district court's exercise of personal jurisdiction, the plaintiff[ ] must similarly submit affirmative evidence supporting the court's exercise of jurisdiction." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). The Court "accept[s] as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff," *GCIU-Emp. Ret.*

3

*Fund*, 565 F.3d at 1020 n.1, but resolves "any factual disputes in the [parties'] affidavits in favor of the plaintiff," *Felland*, 682 F.3d at 672.

## ANALYSIS

I.  **Personal Jurisdiction**

In federal question cases, the Court may exercise personal jurisdiction over a defendant only if "federal law or the law of the state in which the court sits authorizes service of process to that defendant." *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assoc. of Hous. Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). The Lanham Act does not authorize nationwide service of process, and so the Court may exercise jurisdiction over HS Global only if authorized both by the United States Constitution and Illinois law. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014); *KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 732 (7th Cir. 2013). Although theoretical differences may exist between the federal and Illinois constitutional standards, the Seventh Circuit has observed that "no Illinois case has provided a definitive explanation" of these differences. *Matlin*, 921 F.3d at 705. Moreover, both constitutional standards focus on whether exercising jurisdiction over a defendant is fair and reasonable. *See KM Enters.*, 725 F.3d at 732. Accordingly, a single inquiry into whether the United States Constitution permits jurisdiction suffices. *See, e.g.*, *Curry*, 949 F.3d at 393; *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 756–57 (7th Cir. 2010); *see also Wesly v. Nat'l Hemophilia Found.*, 2020 IL App (3d) 170569, ¶ 16 ("[I]t is generally true that, when federal due process concerns regarding personal jurisdiction are satisfied, so are Illinois due process concerns." (alteration in original) (citation omitted)).

Jurisdiction is proper under the Due Process Clause of the United States Constitution if the defendant has "certain minimum contacts with [the forum state] such that the maintenance of

4

the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Millikin v. Meyer*, 311 U.S. 457, 463 (1940)). Minimum contacts exist where "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017). Personal jurisdiction comes in two forms: general and specific.[2] *See Daimler AG v. Bauman*, 571 U.S. 117, 126–28 (2014); *Lexington Ins. Co. v. Hotai Ins. Co.*, 938 F.3d 874, 878 (7th Cir. 2019). HS Global argues that it is not subject to either general or specific jurisdiction in Illinois. The Court addresses each in turn.

A. **General Jurisdiction**

General jurisdiction arises when the defendant has "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Under this "demanding standard," a defendant is subject to general jurisdiction only where its contacts with the forum state are so "continuous and systematic" that it can be considered "at home" in the state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 426 (7th Cir. 2010); *see also Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010) ("The threshold for general jurisdiction is high; the contacts must be sufficiently extensive and pervasive to approximate physical presence.").

For corporate defendants, "the [Supreme] Court has identified only two places where [a corporation is essentially at home]: the state of the corporation's principal place of business and

---

[2] The Supreme Court has recently emphasized that a third method of establishing personal jurisdiction exists where a defendant has consented to suit in the forum. *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 138 (2023). Because HS Wholesale does not argue that HS Global consented to suit in Illinois, the Court need not address the implications of *Mallory* further.

the state of its incorporation." *Kipp v. Ski Enter. Corp. of Wis.*, 783 F.3d 695, 698 (7th Cir. 2015) (citing *Daimler*, 571 U.S. at 137). Here, HS Global is a Tennessee corporation with its principal place of business there as well. This does not end the inquiry, as the Supreme Court left open the possibility that "in an 'exceptional case,' a corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that State.'" *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017) (citation omitted). Nothing suggests that this qualifies as an exceptional case, however, as the only evidence of HS Global having a connection to Illinois—the accessibility of HS Global's website to those present in Illinois—does not show that HS Global is "at home" in Illinois. *See Richter v. INSTAR Enters. Int'l, Inc.*, 594 F. Supp 2d 1000, 1007–09 (operation of fully interactive website selling products in Illinois not sufficient to confer general jurisdiction); *cf. BNSF*, 581 U.S. at 406, 414 (no general personal jurisdiction over company that had two thousand employees in the state in part because these employees represented less than five percent of the company's total work force); *uBID*, 623 F.3d at 424, 426 (no general jurisdiction despite a company's "extensive and deliberate" marketing contacts in the state because the company "ha[d] taken pains to limit its physical presence to Arizona" and the Illinois advertising was part of a nationwide campaign). Thus, HS Global is not subject to general jurisdiction in Illinois.

      B.     **Specific Jurisdiction**

Specific jurisdiction arises "when the defendant purposefully directs its activities at the forum state and the alleged injury arises out of those activities." *Mobile Anesthesiologists*, 623 F.3d at 444; *see also Abelesz v. OTP Bank*, 692 F.3d 638, 654 (7th Cir. 2012) ("Specific jurisdiction is jurisdiction over a specific claim based on the defendant's contacts with the forum that gave rise to or are closely connected to the claim itself."). For purposes of specific

jurisdiction, "[t]he relevant contacts are those that center on the relations among the defendant, the forum, and the litigation." *Advanced Tactical*, 751 F.3d at 800–01. A defendant is not subject to jurisdiction solely because the plaintiff suffered injury in the forum state. *Id.* at 802. Instead, to establish specific jurisdiction over HS Global, HS Wholesale must show that "(1) [HS Global] purposefully directed [its] activities at the forum state or purposefully availed [itself] of the privilege of conducting business in the state; (2) the alleged injury arises out of or relates to [HS Global's] forum-related activities; and (3) any exercise of personal jurisdiction . . . comport[s] with traditional notions of fair play and substantial justice." *Rogers v. City of Hobart*, 996 F.3d 812, 819 (7th Cir. 2021).

Here, HS Wholesale bases its claim of specific jurisdiction on HS Global's operation of an interactive website that allegedly allows for shipment to Illinois and its alleged sourcing of some of the products it sells from Illinois companies. HS Global has refuted HS Wholesale's speculative argument that HS Global obtains products from Illinois companies, so this alleged contact cannot support a finding of specific jurisdiction. This leaves only HS Global's operation of an interactive website as a possible contact with Illinois.

Courts are "careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state." *be2 LLC v. Ivanov*, 642 F.3d 555, 558–59 (7th Cir. 2011) (quoting *Hemi*, 622 F.3d at 760); *see also Advanced Tactical*, 751 F.3d at 803 ("Having an interactive website . . . should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible."); *Hemi*, 622 F.3d at 760 ("Premising personal jurisdiction on the maintenance of a website, without requiring some level of 'interactivity' between the defendant and consumers in the forum state, would create almost

7

universal personal jurisdiction because of virtually unlimited accessibility of websites across the country." (citing *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 550 (7th Cir. 2004))). Instead, HS Wholesale must show that, in addition to operating a website accessible in Illinois, HS Global "in some way *target[s]* the forum state's market." *be2 LLC*, 642 F.3d at 559. HS Wholesale contends that HS Global's website allows customers from any state, including Illinois, to create an account and purchase products, providing the required targeting. But unlike in *Curry*, where the defendant's website offered the forum state as a "ship-to" option, the defendant sent an email confirming orders and shipping addresses, and the defendant then sold and shipped products to over 700 forum residents, *Curry*, 949 F.3d at 399, here, HS Global's website makes clear that it only serves customers in Tennessee, Arkansas, Missouri, and South Carolina. And as Haitham explained, he must approve all requested accounts before interested retailers can make purchases. Additionally, he indicated that HS Global would refuse any orders made with an Illinois shipping address. In other words, HS Global has structured its activities to ensure that it does not target the Illinois market. *See be2 LLC*, 642 F.3d at 559 (defendant did not expressly aim conduct at Illinois even though twenty Illinois residents had created profiles on defendant's website because no evidence existed that defendant "targeted the Illinois market" or interacted with the Illinois-based website members); *cf. NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 624 (7th Cir. 2022) (court had jurisdiction where the defendant created an online website arranging for the sale and shipment of infringing products to Illinois and then fulfilled an order to an Illinois address); *Hemi*, 622 F.3d at 757–58 (personal jurisdiction existed where "Hemi stood ready and willing to do business with Illinois residents" because it "maintained commercial websites through which customers could purchase cigarettes, calculate their shipping charges using their zip codes, and create accounts" and it then made a sale to an Illinois customer). And because HS Global did not

8

target Illinois, sufficient minimum contacts with this forum do not exist to support the exercise of jurisdiction over HS Global.

## II. Jurisdictional Discovery

Because the Court finds it lacks personal jurisdiction over HS Global, it must address HS Wholesale's request for jurisdictional discovery. For a court to permit jurisdictional discovery, "[a]t a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000) (citation omitted); *Medline Indus., Inc. v. Diversey, Inc.*, No. 20 C 4424, 2020 WL 5763637, at *4 (N.D. Ill. Sept. 28, 2020) (the plaintiff "must make a colorable showing of personal jurisdiction before discovery is allowed"). This requires a plaintiff to "show that the factual record is at least ambiguous or unclear on the jurisdiction issue." *Gilman Opco LLC v. Lanman Oil Co.*, No. 13-CV-7846, 2014 WL 1284499, at *6 (N.D. Ill. Mar. 28, 2014) (citation omitted) (internal quotation marks omitted). As explained, HS Wholesale has not made a prima facie or colorable showing of jurisdiction, nor has it demonstrated an ambiguous factual record. Accordingly, the Court denies HS Wholesale's request for jurisdictional discovery. *See Medline Indus.*, 2020 WL 5763637, at *4 ("[W]hen a lack of personal jurisdiction is clear, jurisdictional discovery would serve no purpose and should not be permitted." (citing *John Crane Inc. v. Simon Greenstone Panatier Bartlett, APC*, No. 16 C 5918, 2017 WL 1093150, at *12 (N.D. Ill. Mar. 23, 2017))).

## III. Transfer

The Seventh Circuit has recently explained that "when federal courts find that they lack jurisdiction, they bear an independent obligation under § 1631 to consider whether to transfer the case." *North v. Ubiquity, Inc.*, 72 F.4th 221, 228 (7th Cir. 2023); *see also* 28 U.S.C. § 1631

9

("Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed."). This obligation is "quite limited," however, and requires consideration of whether transfer of the case is "in the interest of justice." *North*, 72 F.4th at 228. A bar on refiling based on the statute of limitations amounts to a compelling reason to transfer a case. *Id.* (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)). But where the statute of limitations would not bar refiling, the Court need not transfer the case pursuant to § 1631. *Id.* ("If a plaintiff may, on its own, refile its case in a proper forum, the interests of justice do not demand transfer." (quoting *Danziger v. De Llano*, 948 F.3d 124, 133 (3d Cir. 2020))). Here, the statute of limitations does not stand as a bar to refiling. Therefore, the Court does not find that the interests of justice require transfer under § 1631 and so dismisses the case without prejudice for lack of personal jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court grants HS Global's motion to dismiss [13]. The Court dismisses the case without prejudice for lack of personal jurisdiction and terminates this case.

Dated: February 26, 2024

_____
SARA L. ELLIS
United States District Judge